HUGHES HUBBARD & REED LLP
William T. Bisset (bisset@hugheshubbard.com)
350 South Grand Avenue
36th Floor
Los Angeles, California  90071-3442
Tel:  (213) 613-2881

HUGHES HUBBARD & REED LLP
James B. Kobak, Jr. (kobak@hugheshubbard.com)
One Battery Park Plaza
New York, New York  10004
Tel: (212) 837-6000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>TOSHIBA CORPORATION, a Japanese corporation,<br><br>    Defendant. | No. 08 Civ. 3693 (HB) |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Plaintiff Discovision Associates ("DVA"), by its attorneys Hughes Hubbard & Reed LLP, respectfully submits this Memorandum of Law in support of its Motion for Partial Summary Judgment against Defendant Toshiba Corporation ("Toshiba") on DVA's First Claim for Relief (Breach of Contract Regarding Audit), pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## **PRELIMINARY STATEMENT**

DVA owns a number of patents in the field of optical disc technology. In March 2003, pursuant to a Non-Exclusive Limited Worldwide Patent License For Playback And Recording Products ("License Agreement"), DVA licensed to Toshiba non-exclusive rights to use DVA patents in connection with various data recording and playback products in exchange for the payment of royalties. Section 6.7 of the License Agreement requires Toshiba (a) to keep separate records in sufficient detail to permit the determination of royalties and (b) to permit periodic inspections of Toshiba's records ("royalty inspections") to ensure that it pays DVA all the amounts due:

> [Toshiba] shall keep separate records in sufficient detail to permit the determination of royalties payable hereunder. At the request of DVA, [Toshiba] shall permit independent auditors or technical consultants selected by DVA to examine during ordinary business hours once in each calendar year such records and other documents as may be necessary to verify or determine royalties paid or payable under this Agreement. Such auditors or technical consultants shall be instructed to report to DVA only the amount of royalties due and payable. If no request for examination of such records for any particular accounting period has been made by DVA within three (3) years after the end of said period, the right to examine such records for said period, and the obligation to keep such records for said period, will terminate.

On or about August 15, 2006, DVA notified Toshiba in writing of its intention to have an independent third party, Deloitte & Touche LLP, examine Toshiba's records relating to

1

royalties due and paid under the License Agreement. For what is now more than 21 months, Toshiba has refused to comply with its obligations to permit royalty inspections.

The terms of the License Agreement concerning inspection are clear and unambiguous. By this motion, DVA is entitled to enforce its royalty inspection rights.[1]

## FACTUAL BACKGROUND

This action arises out of Toshiba's breach of the License Agreement. (Tarzia Decl. Ex. 1.) Pursuant to the License Agreement, DVA granted Toshiba[2] the right to "make, have made, use, offer, sell or Transfer [defined in § 2.22 to mean rent, lease, deliver or sell in combination with other products] Licensed Products [defined in § 2.17 to mean Digital Playback Products, Video Playback Products and Recording Products]." (Id. § 3.1.) In exchange, Toshiba agreed to pay DVA royalties on activity involving Licensed Products. (Id. §§ 5.0 et seq.)

As quoted above, Section 6.7 of the License Agreement requires Toshiba to keep sufficient records to determine the amounts of royalties paid and payable to DVA and gives DVA the right to have independent specialists examine those records. Nothing in the License Agreement allows Toshiba to refuse a royalty inspection based on a claim that the information requested by the auditor is confidential. To the contrary, Section 6.7 of the License Agreement resolves potential confidentiality concerns by stating that (a) Toshiba would provide its records to an independent third party (not to DVA itself) and (b) the independent third party "shall be instructed to report to DVA only the amount of royalties due and payable."

---

1. Section 12.1 of the License Agreement provides that it is governed by New York substantive law: "This Agreement shall be construed, and the legal relations between the parties shall be determined, in accordance with the laws of the State of New York (without giving effect to the choice of law provisions thereof)." (Declaration of Dale Tarzia, dated May 8, 2008 ("Tarzia Decl."), Ex. 1 § 12.1.)

2. Toshiba's license also extends to its subsidiaries under Sections 3.4 and 2.24 of the License Agreement.

2

On August 15, 2006, DVA informed Toshiba in writing that it intended to exercise its right to inspect Toshiba's records. (Tarzia Decl. ¶ 2 & Ex. 2.) DVA selected Deloitte & Touche LLP ("Deloitte") to perform the royalty inspection. (Tarzia Decl. ¶ 2.) On September 5, 2006, Deloitte wrote to Toshiba informing it that it has been authorized to perform the royalty inspection. (Tarzia Decl. ¶ 3 & Ex. 3.) On September 7, 2006, Deloitte sent Toshiba a follow-up letter requesting the necessary documents. (Tarzia Decl. ¶ 4 & Ex. 4.) To date, Toshiba has not provided any information to Deloitte. (Tarzia Decl. ¶ 5.)

On April 17, 2008, DVA commenced this action, inter alia, to enforce its contractual right to inspect Toshiba's royalty records.

## ARGUMENT

### DVA IS ENTITLED TO INSPECT TOSHIBA'S RECORDS RELATING TO ROYALTIES DUE AND PAID

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This is just such a case.

Summary judgment is appropriate where a party seeks to enforce its contractual right to an audit. E.g., Moran v. Sasso, No. 05 Civ. 4716, 2007 WL 2710967, at *4 (E.D.N.Y. Sept. 13, 2007). In Moran, plaintiffs and defendants entered into a contract that required defendants to make contributions to plaintiffs' fringe-benefit funds. 2007 WL 2710967, at *1. The agreement allowed plaintiffs to audit defendants' books and records. Id. at *2. When defendants failed to make the requisite payments, plaintiffs brought an action seeking, inter alia, to enforce their audit rights. Id. Defendants contended that they did not resist the audit and that

3

the audit was not performed for reasons not attributable to them. Id. Nonetheless, the court granted plaintiffs summary judgment, holding:

> Although there is a dispute as to whether the [defendants] have failed and refused to submit to an audit, there is no dispute as to the Plaintiffs' right to an audit. Accordingly, Plaintiffs are direct [sic] to submit a proposed order requiring the [defendants] to submit to a payroll audit within sixty (60) days of said order.

Id. at *4. See Trustees of Plumbers & Steamfitters Local 267 Pension, Annuity & Ins. Funds v. Buchanan, Inc., No. 03 Civ. 898, 2006 WL 346421, at *8 (N.D.N.Y. Feb. 14, 2006) (granting plaintiffs summary judgment to permit them to audit defendants' records pursuant to collective bargaining agreement).

Here, the terms of the License Agreement providing for DVA's right to an inspection of Toshiba's records are mandatory and clear: "At the request of DVA, [Toshiba] shall permit independent auditors or technical consultants selected by DVA to examine . . . records and other documents as may be necessary to verify or determine royalties paid or payable under [the License] Agreement." (Tarzia Decl. Ex. 1 § 6.7 (emphasis added).) There is no exception, and there is no dispute that there has been no examination.

After what is now more than a 21-month delay, Toshiba should be ordered to permit Deloitte to perform the royalty inspection forthwith as the License Agreement requires.

4

## CONCLUSION

For the foregoing reasons, DVA's motion for summary judgment on its First Claim for Relief (Breach of Contract Regarding Audit) should be granted.

Dated: New York, New York
       May 28, 2008

                HUGHES HUBBARD & REED LLP

                William T. Bisset
                350 South Grand Avenue
                36th Floor
                Los Angeles, California  90071-3442
                Tel:  (213) 613-2881
                Fax:  (213) 613-2950
                email:  bisset@hugheshubbard.com

                HUGHES HUBBARD & REED LLP

                James B. Kobak Jr.
                One Battery Park Plaza
                New York, New York  10004-1482
                Tel:  (212) 837-6757
                Fax:  (212) 422-4726
                email:  kobak@hugheshubbard.com

        By:  _____
                James B. Kobak, Jr.
                *Attorneys for Plaintiff*
                *Discovision Associates*

To:    Frank J. Colucci
       Colucci & Umans
       218 East 50th Street
       New York, New York  10022-7681

       *Attorneys for Defendant Toshiba Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DISCOVISION ASSOCIATES, a California partnership,

                                            Plaintiff,

                v.

TOSHIBA CORPORATION, a Japanese corporation,

                                         Defendant.

No. 08 Civ. 3693 (HB)

**AFFIDAVIT OF SERVICE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STATE OF NEW YORK…….)
                       ss.:
COUNTY OF NEW YORK….)

       Margaret Murphy, being duly sworn, deposes and says that I am over the age of eighteen years, not a party to this action, and am in the employ of Hughes Hubbard & Reed LLP, attorneys for Plaintiff herein.

       That on May 28, 2008, at approximately 3:15 p.m., deponent served **NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, PLANTIFF'S STATEMENT OF MATERIAL FACTS,** and **DECLARATION OF DALE TARZIA IN SUPPORT**, by hand upon:

       Frank J. Colucci
       Colucci & Umans
       218 East 50th Street
       New York, New York 10022-7681

By personally leaving true copies with a person of suitable age and discretion who stated that he was authorized to accept service on behalf of Colucci & Umans.

                                                          */s/ Margaret Murphy*
                                                        MARGARET MURPHY
                                                        License Number 1267699

Sworn to before me this
28th day of May, 2008

*/s/ Patricia E. Smith*
Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No. 1SM4796951
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires March 30, 20 11