UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>TOSHIBA CORPORATION, a Japanese corporation,<br><br>        Defendant. | Civil Action No. 08-cv-3693 (HB) (AJP)<br><br>**TOSHIBA CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR QUASH SERVICE OF SUMMONS AND COMPLAINT** |

## I. INTRODUCTION

Defendant Toshiba Corporation ("Toshiba"), a Japanese corporation, hereby moves to dismiss the complaint or, in the alternative, to quash service of the summons and complaint pursuant to Fed. R. Civ. P 12(b)(5). The Plaintiff, Discovision Associates ("DVA"), has not served Toshiba with the summons or complaint as required by the Federal Rules of Civil Procedure. Instead, DVA has sent the summons and complaint to Toshiba in Japan by registered airmail, alleging that this purported "service" is permitted by the parties' license agreement. The license agreement, however, says nothing about service of process and therefore cannot constitute an agreement to waive service or to accept alternative forms of service. Therefore, DVA cannot meet its burden of proving facts that demonstrate sufficient service of process.

## II. BACKGROUND

As of March 31, 2003, Toshiba and DVA entered into a Patent License Agreement relating to electronic playback and recording products ("License Agreement"). (Ex. A, Toshiba-

-1-

DVA Patent License Agreement.) Section 11.0 of the License Agreement is entitled "Payments, Notices and Other Communications" and explains where and how the parties should send the various notices and other communications required under the agreement. Section 11 states:

> Any notice or other communication pursuant to this Agreement shall be made by registered airmail (except that registered or certified mail may be used where delivery is in the same country as mailing) and will be effective upon receipt by the addressee. Such notice or communication shall be mailed to [the listed address for DVA or Toshiba].

(*Id.* at 19.) Neither this provision nor any other provision of the License Agreement mentions service of process.

After three years of relatively amicable business relations, the License Agreement terminated by its own terms in 2006. Later, DVA notified Toshiba that it intended to conduct an audit of Toshiba's records, and the parties have been negotiating the details of such an audit since then.

On April 17, 2008, while Toshiba was still negotiating with DVA's auditors, Deloitte Financial Advisory Services ("Deloitte"), DVA filed the instant suit without warning. Sometime later, DVA sent a letter along with a copy of the summons and complaint by registered airmail to Toshiba's headquarters in Tokyo. (Ex. B, DVA Letter.) DVA did not request waiver of service in accordance with Fed. R. Civ. P. 4(d) or include a translated copy of the summons or the complaint. Instead, DVA's letter asserted that the summons and complaint were being served by mail "in accordance with" Section 11 of the parties' License Agreement. (*Id.*) Toshiba did not actually receive the letter, or the purported service copy of the summons and complaint, until May 7, 2008, when its offices reopened following Japan's Golden Week holidays.

Toshiba immediately notified DVA of its failure to effect proper service. In particular, Toshiba explained that Section 11 of the parties' License Agreement is merely a common notice provision, not a waiver of service of process. In an effort to resolve the issue of service, Toshiba offered to waive formal service of process if DVA granted it 90 days to answer the complaint. Toshiba explained that it would have been entitled to 90 days to respond to the complaint under Fed. R. Civ. P. 4(d)(3) if DVA had actually requested that Toshiba waive service. Thus, Toshiba's offer provided Toshiba no greater benefit than it was entitled to under the law, while excusing DVA's failure to comply with the waiver provision of Rule 4 or otherwise properly serve Toshiba. DVA, however, did not agree to this compromise.

### III. THIS CASE SHOULD BE DISMISSED WITHOUT PREJUDICE BECAUSE DVA FAILED TO SERVE TOSHIBA WITH THE SUMMONS AND COMPLAINT

Before the District Court may exercise personal jurisdiction over a defendant, the Court must determine whether there has been a proper service of process upon the defendant. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). The core function of service of process is not merely to supply notice of the action, but to afford the defendant a fair opportunity, in terms of ***process and time***, to develop and present defenses and objections to the allegations made in the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). Accordingly, actual notice of litigation does not cure defects in service of process. *Bogle-Assegai v. Connecticut,* 470 F.3d 498, 508-09 (2d Cir. 2006); *Buggs v. Ehrnschwender,* 968 F.2d 1544, 1548 (2d Cir. 1992); *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 386 (S.D.N.Y. 1986). Where the defendant has not been properly served, the Court, in its discretion, may either dismiss the case without prejudice, or quash service of the summons and the complaint. 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §12.33[5] (3d ed.

2007). The only practical difference between these two options is that dismissal requires the plaintiff to re-file its complaint. *Id.*

As the plaintiff, DVA bears the burden of proving proper service. *Mende v. Milestone Tech., Inc.,* 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). DVA did not comply and has never argued that it complied with the service provisions of the Federal Rules (Fed. R. Civ. P. 4). Instead, DVA argues that the parties' License Agreement permits service of process by registered airmail to initiate litigation in the United States. (Ex. B, DVA Letter; Ex. C, proof of service.) DVA's reliance on the License Agreement is wholly misplaced.

The License Agreement contains no provision waiving service or agreeing to alternative methods of service. Accordingly, DVA has resorted to relying upon the notice provision of the parties' agreement. That provision merely states: "any notice or other communication ***pursuant to this Agreement*** shall be made by registered airmail" to the specified addresses. (Ex. A, License Agreement, at 19.) By its express terms, this provision relates only to notices and communications "pursuant to this agreement," such as those requiring prior notice of press releases (*Id.* at 23-24), and those regarding the reporting of royalties (*Id.* at 14-17). The License Agreement says nothing about service of process for initiating litigation in the United States. In fact, the License Agreement makes no mention of service of process whatsoever. Simply put, Section 11 of the License Agreement is a typical notice provision, not a waiver of service of process for the initiation of litigation in a foreign country.

Moreover, although parties to a contract may agree in advance to waive service of process, cases in which such waivers are recognized involve contract provisions that ***actually address service of process***. *See*, *e.g.*, *Greystone CDE, LLC, v. Santa Fe Point L.P.,* 2007 U.S. Dist. LEXIS 88029 at *6-7 (S.D.N.Y. Nov. 29, 2007). For example, in *Greystone*, the court

enforced a waiver-of-service provision that read "service of process in any [legal] action or proceeding … may be effected by mailing a copy [of the summons and complaint] by registered or certified mail (or any substantially similar form of mail), postage prepaid …." *Id.* at *6-7, *14-16 (parenthetical in original contract). Similarly, in *Mastec Latin Am. v. Inepar S/A Industrias E. Construcoes*, 2004 U.S. Dist. LEXIS 13132 at *3 (S.D.N.Y. July 13, 2004), the parties' contract expressly provided for service by mail as an alternative method of service: "As an alternative method of service, each of [the Defendants] hereby irrevocably consents to the service of any and all process in any such action or proceeding by the mailing of copies of such process to the addresses set forth for each in Section 11.7 hereof." Likewise, in *Hoffman v. National Equip. Rental,* 643 F.2d 987, 989 (4th Cir. 1981), the parties' agreement expressly waived service of process and provided for service by mail, stating: "(T)he Lessee hereby … waives personal services of any and all process upon the Lessee herein, and consents that all such service or process shall be made by certified mail, return receipt requested, directed to the Lessee at the address hereinabove stated; and service so made shall be complete two (2) days after the same shall have been posted as aforesaid." No similar waiver of service or agreement to an alternative form of service is present in the License Agreement on which DVA relies.

Moreover, contractual waiver-of-service provisions are strictly interpreted. *See Greystone*, 2007 U.S. Dist. LEXIS 88029 at *14-16. For example, the contract in *Greystone* required service "by registered or certified mail (or any substantially similar form of mail)…" *Id.* at *6-7 (parenthetical in original contract). The Court held that service was improper because the summons and Complaint were delivered by Federal Express and not by the agreed-upon "registered or certified mail (or any substantially similar form of mail)." *Id*. at *14-16.

Here, the parties' License Agreement falls well short of addressing waiver of service of process. To the contrary, the agreement makes no mention of service of process at all. In the absence of such waiver, DVA's attempted service by registered airmail is deficient.

## IV. CONCLUSION

DVA has not served Toshiba. Instead, DVA has merely mailed the summons and complaint to Toshiba in Tokyo. Contrary to DVA's assertion, the parties' License Agreement does not permit service of complaints by mail and, in fact, does not address the question of service of process at all. Because DVA cannot meet its burden of proving sufficient service of process, the Court should either dismiss the Complaint without prejudice or quash DVA's alleged service.

Respectfully submitted,

Dated:  June 4, 2008          By:  */s/ Frank J. Colucci*
                                                                   Frank J. Colucci (FC-8441)
                                                                   COLUCCI & UMANS
                                                                   218 East 50th Street
                                                                   New York, NY  10022-7681
                                                                   (212) 415-8700

                                                                   Paul A. Stewart (*Pro Hac Vice*)
                                                                   Irfan A. Lateef (*Pro Hac Vice*)
                                                                   Reza Mirzaie (*Pro Hac Vice*)
                                                                   KNOBBE, MARTENS, OLSON & BEAR, LLP
                                                                   2040 Main Street, 14th Floor
                                                                   Irvine, CA  92614
                                                                   (949) 760-0404

                                                                   Attorneys for Defendant,
                                                                   TOSHIBA CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2008, he caused a copy of the foregoing Toshiba Corporation's Memorandum in Support of its Motion to Dismiss or Quash Service of Summons and Complaint to be served on Plaintiff's counsel listed below by filing a copy with the CM/ECF system.

James B. Kobak, Jr.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004

William T. Bisset
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, CA 90071-34442

*/s/ Frank J. Colucci*
Frank J. Colucci

5424578
052308