HUGHES HUBBARD & REED LLP
William T. Bisset (bisset@hugheshubbard.com)
350 South Grand Avenue
36th Floor
Los Angeles, California 90071-3442
Tel: (213) 613-2881

HUGHES HUBBARD & REED LLP
James B. Kobak, Jr. (kobak@hugheshubbard.com)
One Battery Park Plaza
New York, New York 10004
Tel: (212) 837-6000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership, <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, a Japanese corporation, <br><br> Defendant. | No. 08 Civ. 3693 (HB) |

---

**DVA'S MEMORANDUM OF LAW IN OPPOSITION TO
TOSHIBA'S MOTION TO DISMISS
BASED ON CHALLENGE TO
<u>EFFECTIVENESS OF SERVICE OF PROCESS</u>**

Plaintiff Discovision Associates ("DVA") respectfully submits this memorandum of law in opposition to the motion of defendant Toshiba Corporation ("Toshiba") to dismiss this action on the ground that Toshiba was not properly served with process because DVA effected service pursuant to the notice provision of the parties' License Agreement, a redacted copy of which is attached to the complaint as Exhibit 1. The License Agreement notwithstanding, Toshiba contends that service pursuant to the Hague Service Convention is required. For the reasons set forth below, the motion should be denied.

DVA commenced this action in April 2008 after what then was 20 months of unconscionable delay by Toshiba in allowing Deloitte Financial Advisory Services LLP ("Deloitte") to examine Toshiba's records pursuant to § 6.7 of the License Agreement to determine whether Toshiba has paid all royalties due DVA.[1] Toshiba's challenge to how it was served with process is one more pointless delaying tactic.[2]

DVA and Toshiba entered into the License Agreement as of April 1, 2003. In § 12.2 of the License Agreement, the parties agreed that any dispute that might arise under or relate to the License Agreement would be prosecuted in New York under New York law and Toshiba consented to venue and jurisdiction in New York.

"Under New York law, consent to personal jurisdiction includes consent to any method of service of process that is consistent with due process." Flexi-Van Leasing, Inc. v. Gulf Fleet

---

[1] Toshiba has yet to make available a single document requested by Deloitte in September 2006. In May 2008, DVA filed a motion for partial summary judgment to enforce its audit rights. Toshiba's opposition is due June 23, 2008.

[2] Even if Toshiba's position were correct (and it is not), the remedy would be to give DVA time to effect service under the Hague Service Convention, not to dismiss this action and require DVA to refile it. E.g., Three Crowns Ltd. P'ship v. Caxton Corp., 817 F. Supp. 1033, 1050 (S.D.N.Y. 1993) ("Ordinarily in such a case insufficient service of process will be quashed and the action preserved, provided there is a reasonable prospect that plaintiff ultimately will be able to serve the defendant properly."). In other words, Toshiba seeks nothing but further delay. See, e.g., 5B Wright & Miller, Federal Practice & Procedure: Civil § 1354, at 351 ("dismissal needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits"); Tishman v. Associated Press, No. 05 Civ. 4278 (GEL), 2005 WL 3466022, at *1 (S.D.N.Y. Dec. 16, 2005) (court denied motion to dismiss for insufficiency of service, reflecting "healthy distaste for dismissing an action based on technical defects in service").

1

Marine Corp., 108 F.R.D. 116, 118 (S.D.N.Y. 1985). Any method of service that provides actual notice should suffice.

In § 11.1 of the License Agreement, the parties agreed that any notice or other communication pursuant to the License Agreement would be by registered airmail addressed, if to Toshiba, to the General Manager of its Intellectual Property Division. DVA duly followed these straightforward provisions exactly in effecting service on Toshiba.[3]

It is accepted practice for parties to include a provision for giving notice in a contract, and a court will enforce such a provision. See National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 315-16 (1964) ("it is settled, as the courts below recognized, that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether"). Contrary to the position that Toshiba advocates, it is not necessary that a notice provision refer specifically to service of process because service of process is itself just a form of notice. E.g., In re Arbitration Between Space Systems/Loral, Inc. and Yuzhnoye Design Office, 164 F. Supp. 2d 397, 402-03 (S.D.N.Y. 2001) (Space Systems could effect service of process by following Launch Services Agreement's general notice provision, which stated: "All notices and communications between the [p]arties shall be in writing and shall be effective, if delivered in person to the authorized representative of the recipient party at the address listed below, or sent by express mail or Data fax." ) (citing numerous cases); International Road Federation v. Embassy of Democratic Republic of Congo, 131 F. Supp. 2d 248, 251 (D.D.C. 2001) (while contract's general notice provision "did not specifically provide for service of legal process, '[s]ervice of process certainly falls under the contractual language of "notices, requests, demands or other communications to or upon the

---

[3] This case therefore is unlike Greystone, on which Toshiba (Memo. 4-5) relies, where the plaintiff did not follow the agreed method (having used a private courier rather than registered mail as provided in the agreement). To the extent that Toshiba (Memo. 2) suggests in passing that DVA should have provided translated copies of the summons and complaint, there is no such obligation. Lemme v. Wine of Japan Import, Inc., 631 F. Supp. 456, 464 (E.D.N.Y. 1986) (Japanese translation is required only when service of process is transmitted through the Central Authority pursuant to Article 5 of the Hague Service Convention).

respective parties""""). Although the courts in these cases happen to have enforced general notice provisions in the context of the Foreign Sovereign Immunities Act, which authorizes "special arrangements" for service on a foreign state (28 U.S.C. § 1608(b)(1)), the principle for which they stand should apply equally in all contexts because the statutory authorization of agreements on how to give notice is the same as the general court-made rule applicable in all cases.[4]

CONCLUSION

For the reasons set forth above, Toshiba's motion should be denied.

Dated:   Los Angeles, California
        June 13, 2008

HUGHES HUBBARD & REED LLP
William T. Bisset
350 South Grand Avenue
36th Floor
Los Angeles, California  90071-3442
Tel:  (213) 613-2881
Fax:  (213) 613-2950
email:  bisset@hugheshubbard.com

HUGHES HUBBARD & REED LLP
James B. Kobak Jr.
One Battery Park Plaza
New York, New York  10004-1482
Tel:  (212) 837-6757
Fax:  (212) 422-4726
email:  kobak@hugheshubbard.com

By: /s/ William T. Bisset
      William T. Bisset
      *Attorneys for Plaintiff*
      *Discovision Associates*

---

[4] The only cases that Toshiba (Memo. 4-5) cites that actually involve service pursuant to a contractual provision (Hoffman, Greystone and Mastec) do not suggest any requirement that a contractual notice provision refer specifically to service of process.

To:   Frank J. Colucci
      Colucci & Umans
      218 East 50th Street
      New York, New York  10022-7681

      Paul A. Stewart
      Knobbe Martens Olson & Bear LLP
      2040 Main Street
      14th Floor
      Irvine, California  92614

      *Attorneys for Defendant Toshiba Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
DISCOVISION ASSOCIATES, a California partnership,

                          Plaintiff,

       v.

TOSHIBA CORPORATION, a Japanese corporation,

                        Defendant.
---------------------------------x

No. 08 Civ. 3693 (HB)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK.......)
                ss.:
COUNTY OF NEW YORK....)

      Edward Schaefer, being duly sworn, deposes and says that I am over the age of eighteen years, not a party to this action, and am in the employ of Hughes Hubbard & Reed LLP, attorneys for Plaintiff herein. That on June 13, 2008, deponent served a true copy of **DVA's MEMORANDUM OF LAW IN OPPOSITION TO TOSHIBA'S MOTION TO DISMISS BASED ON CHALLENGE TO EFFECTIVENESS OF SERVICE OF PROCESS**, upon:

      Frank J. Colucci
      Colucci & Umans
      218 East 50th Street
      New York, New York 10022-7681

      Paul A. Stewart
      Knobbe Martens Olson & Bear LLP
      2040 Main Street
      14th Floor Irvine, California 92614

By electronic mail via the Court's Electronic Case Filing System.

                                      _____
                                      Edward Schaefer

Sworn to before me this
13th day of June, 2008

_____
Notary Public

    PATRICIA E. SMITH
  Notary Public, State of New York
      No. 1SM4796951
    Qualified in Richmond County
  Certificate Filed in New York County
  Commission Expires March 30, 20 11