UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership,<br><br>        Plaintiff,<br><br>      v.<br><br>TOSHIBA CORPORATION, a Japanese corporation,<br><br>        Defendant. | Civil Action No. 08-cv-3693 (HB) (AJP)<br>ECF Case<br><br>**TOSHIBA CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR QUASH SERVICE OF SUMMONS AND COMPLAINT** |

      In its Opposition to Toshiba's motion to dismiss or quash, DVA attempts to circumvent the rules governing service of process in federal courts by making two flawed arguments. First, DVA assumes that state law, and not the Federal Rules of Civil Procedure, governs the proper service of process outside the United States upon foreign corporations like Toshiba. Second, DVA asserts that the general notice provision in the parties' License Agreement, which expressly is limited to communications made pursuant to the Agreement, also constitutes a blanket waiver of the service of process otherwise required by law. These arguments are meritless and rest upon a misapplication of the law. Equally important, DVA does not dispute that it failed to effect service of process under the Federal Rules of Civil Procedure, which govern the proper service of process in the instant case. Accordingly, the Court should dismiss this case or quash service of the summons and complaint.

### I. The Federal Rules Govern Procedural Requirements In This Case

DVA's erroneously argues that, under New York *state law*, Toshiba's consent to jurisdiction in this Court implicitly includes consent to any method of service of process consistent with due process. It is hornbook law, however, that the Federal Rules of Civil Procedure, not state law, govern the procedure service of process in this case. *Hanna v. Plumer,* 380 U.S. 460, 465-66 (1965); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir. 2003). In particular, service of process in a diversity case such as this must be made in the manner prescribed by the Federal Rules rather than by state law. *See Hanna,* 380 U.S. at 465-66.

Additionally, unless a Federal Rule permits the application of state law, federal courts do not apply state procedural laws, rules, or decisions. *EEOC v. HBE Corp.*, 135 F.3d, 543, 551 (8th Cir. 1998). On this point, the Federal Rules allow for service of process in accordance with state laws only for certain defendants, such as the domestic corporation in the *Flexi-Van Leasing* case upon which DVA relies. *See Flexi-Van Leasing, Inc., v. Gulf Fleet Marine Corp.,* 108 F.R.D. 116, 116-17 (S.D.N.Y. 1985). However, the Rules specifically *exclude* service under state law for foreign corporations outside the United States. *See* Fed. R. Civ. P. 4(h). Thus, whether DVA's attempted service of process on Toshiba by registered airmail would have been sufficient under New York state law is irrelevant. DVA's alleged service is deficient because it fails to meet the requirements of the Federal Rules of Civil Procedure.

Importantly, in both its communications with Toshiba and its briefings to the Court, DVA has never disputed that it failed to effect service of process under the Federal Rules of Civil Procedure. Because the Federal Rules govern the proper service of process in the instant case, this tacit admission by DVA is fatal to its Opposition.

## II. Cases Involving The FSIA Do Not Provide DVA With Any Alternative To Service In Accordance With The Federal Rules

DVA also wrongly argues that the boilerplate notice provision in the parties' License Agreement constitutes a blanket waiver of service of process, even though the License Agreement never even mentions service of process. To support this assertion, DVA relies only upon two cases decided under the Foreign Sovereign Immunities Act ("FSIA"). *See* Opp'n at 2. DVA's argument fails for at least two reasons.

First, by their express terms, the cases cited by DVA were decided under the FSIA. *See In re Arbitration between Space Systems/Loral, Inc. and Yuzhnoye Design Office*, 164 F. Supp. 2d 397, 402-03 (S.D.N.Y. 2001); *International Road Federation v. Embassy of Democratic Republic of Congo*, 131 F. Supp. 2d 248, 251 (D.D.C. 2001). In particular, both cases involved the statutory issue of whether an agreement between the parties constituted a "special arrangement" within the meaning of the FSIA, 28 U.S.C. § 1608(b)(1). The present case, not involving any foreign sovereign or the FSIA, obviously raises no such issue. Therefore, these cases are not relevant.

Second, even if cases decided under the FSIA were relevant here, these cases do not help DVA. Specifically, these cases, including both FSIA cases cited by DVA, draw a clear distinction between agreements that explicitly govern **all** communications between the parties and agreements that explicitly govern only communications **under the agreement**. *See, e.g., International Road Federation,* 131 F. Supp. 2d at 251 n.2 (distinguishing agreements that explicitly cover all notices between the parties with agreements that explicitly cover only notices under the agreement); *see also Space Systems/Loral*, 164 F. Supp. 2d at 403 (same). Under these cases, an agreement to receive all communications by mail is tantamount to an agreement to

accept service of process by mail; but an agreement to receive communications *under the agreement* by mail is *not* an agreement to accept service of process by mail.

For example, in *International Road Federation,* cited by DVA, the agreement at issue provided that "***all*** notices, demands, or requests ***between Sublessor and Sublessee*** shall be delivered in person, by certified mail, return receipt requested, or by registered mail…" 131 F. Supp. 2d at 251 (emphasis added). While the court held that an agreement of this great breadth was a "special arrangement" with respect to service of process, it explicitly distinguished its holding from those in other cases involving agreements that provided delivery or mailing methods only for notices "*under th[e] Lease*" or "'*required or permitted*' *under the sales contract.*" *Id.* at 251 n.2. The same distinction was drawn by the court in *Space Systems/Loral,* the other FSIA case cited by DVA. The court in that case held that a "special arrangement" existed where the agreement at issue specified that "*[a]ll* notices and communications ***between the parties*** shall be in writing and shall be effective, if delivered in person…or sent by express mail or Data fax." 164 F. Supp. 2d at 402-03 (emphasis added). But, like the court in *International Road Federation*, the court in *Space Systems/Loral* also distinguished its holding from that in another case involving an agreement that referred only to notices "***under th[e] Lease***." *Space Systems/Loral* at 403 (citing *Berdakin v. Consulado De La Republica De El Salvador*, 912 F. Supp. 458, 466 (C.D. Cal 1995)).

Consistent with the distinction drawn in both *International Road Federation* and *Space Systems/Loral*, other courts have found that an agreement with a foreign sovereign ***does not*** constitute a "special arrangement" where it only specifies the manner of delivery for communications ***under the agreement***. For example, in *Underwood v. United Republic of Congo,* No. 94-902, 1995 WL 46383, at *2 (D.D.C. January 27, 1995), the court analyzed a

general notice provision in a sales agreement between the parties that set forth certain rules regarding the mailing and delivery of any notices "required or permitted herein." The court held that because the provision merely discussed notices "required or permitted" under the agreement and "contain[ed] no provision for the process of service … it did not provide a 'special arrangement for service.'" *Id.* Interpreting a similar contract provision, the court in *Berdakin*, 912 F. Supp. at 466, granted the defendant's motion to dismiss for failure to effect service. In that case, the court also held that no "special arrangement" was created where the notice provision at issue specifically referred only to notices "under th[e] Lease." *Id.*

Here, there is no agreement between the parties that specifies the manner of delivery of any and all communications between the parties. Rather, as in *Underwood* and *Berdakin,* the provision at issue in the License Agreement between Toshiba and DVA specifies only the manner of delivery of notices made "***pursuant to [the] Agreement***." Stewart Decl., Ex. A at § 11.1. Therefore, even if the cases regarding sufficiency of service of process under the FSIA were relevant here, the notice provision in the parties' License Agreement would not constitute a "special arrangement" that would permit DVA to avoid the requirements of the Federal Rules of Civil Procedure.

## **CONCLUSION**

DVA failed to effect service of process in this case. Contrary to DVA's assertion, the parties' License Agreement does not permit service of process by mail and, in fact, does not even mention service of process at all. DVA should have effected service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Because DVA has never even argued that it attempted to effect service pursuant to the Federal Rules, it cannot meet its burden of proving sufficient

service of process. Accordingly, the Court should either dismiss the Complaint without prejudice or quash DVA's alleged service.

Respectfully submitted,

Dated: June 20, 2008   By: /s/ Irfan A. Lateef
Frank J. Colucci (FC-8441)
COLUCCI & UMANS
218 East 50th Street
New York, NY 10022-7681
Telephone: (212) 935-5700
Facsimile: (2121) 935-5728
Email: fcolucci@colucci-umans.com

Paul A. Stewart (*Pro Hac Vice*)
Irfan A. Lateef (*Pro Hac Vice*)
Reza Mirzaie (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
Email: paul.stewart@kmob.com
Email: irfan.lateef@kmob.com
Email: reza.mirzaie@kmob.com

Attorneys for Defendant,
TOSHIBA CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 20, 2008, he caused a copy of the foregoing Toshiba Corporation's Reply in Support of its Motion to Dismiss or Quash Service of Summons and Complaint to be served on Plaintiff's counsel listed below by filing a copy with the CM/ECF system.

James B. Kobak, Jr.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004

William T. Bisset
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, CA 90071-34442

*/s/ Irfan A. Lateef*
Irfan A. Lateef

5535933
061708