**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership,<br><br>        Plaintiff,<br><br>   v.<br><br>TOSHIBA CORPORATION, a Japanese corporation,<br><br>        Defendant. | Civil Action No. 08-cv-3693 (HB) (AJP)<br><br>**DECLARATION OF PAUL A. STEWART IN SUPPORT OF TOSHIBA CORPORATION'S OPPOSITION TO DISCOVISION ASSOCIATES' MOTION FOR SUMMARY JUDGMENT** |

        I, Paul A. Stewart, declare as follows:

        1.     I am a partner with the law firm of Knobbe, Martens, Olson & Bear, LLP, and one of the attorneys representing Defendant Toshiba Corporation in this case. The following declaration is based on my personal knowledge, and if called upon to testify, I could and would competently testify as to the matters set forth herein. I submit this Declaration in support of Toshiba Corporation's Opposition to Discovision Associates' Motion for Summary Judgment.

        2.     Through discovery in this case, Toshiba will seek to learn, among other things, the factual basis (if any) for Discovision's contention that the materials listed in Deloitte's September 7, 2006 letter are "necessary to verify or determine royalties paid or payable," as required by Section 6.7 of the parties' license agreement.

        3.     Toshiba expects to learn this information through the deposition of Dale Tarzia, the author of Deloitte's September 7, 2006 letter, as well as the depositions of the Discovision representatives who worked with Deloitte to develop their audit plan. Toshiba also may seek this information through interrogatories and through depositions of Deloitte and Discovision under Fed. R. Civ. P. 30(b)(6).

        4.     This discovery may show that Discovision has no factual basis for seeking many of the materials demanded in Deloitte's letter. Alternatively, if the discovery

reveals that Discovision has some factual basis for its position, I expect that the discovery will provide Toshiba with an opportunity to present its own testimony or other evidence rebutting Discovision's position.

      5.      Toshiba has not yet been able to obtain this discovery because Rule 26(d) of the Federal Rules of Civil Procedure precludes discovery until the parties have conducted their conference of counsel under Rule 26(f). That conference of counsel did not occur until Thursday June 19, 2008, two business days before the due date of this Opposition, and long after the Plaintiff served the present summary judgment motion.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed this 23rd day of June, 2008, in Irvine, California.

                                                    */s/ Paul A. Stewart*
                                                      Paul A. Stewart

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2008, he caused a copy of the foregoing Declaration of Paul A. Stewart in Support of Toshiba Corporation's Opposition to Discovision Associates' Motion for Summary Judgment to be served on Plaintiff's counsel listed below by filing a copy with the CM/ECF system.

James B. Kobak, Jr.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004

William T. Bisset
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, CA 90071-34442

*/s/ Paul A. Stewart*
Paul A. Stewart