UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership,<br><br>     Plaintiff,<br><br>  v.<br><br>TOSHIBA CORPORATION, a Japanese corporation,<br><br>     Defendant. | Civil Action No. 08-cv-3693 (HB) (AJP)<br>ECF Case |

**TOSHIBA CORPORATION'S**

**STATEMENT OF GENIUNE ISSUES OF MATERIAL FACT**

Pursuant to Rule 56.1(b) of the Local Civil Rules of this Court, Defendant Toshiba Corporation ("Toshiba") hereby submits the following statement of material facts as to which Toshiba contends there are genuine issues to be tried.

### RESPONSES TO FACTUAL ALLEGATIONS OF DISCOVISION

|  | **Discovision's Allegations** | **Toshiba's Responses** |
|---|---|---|
| 1. | On or about March 31, 2003, DVA and Defendant Toshiba Corporation ("Toshiba") entered into a Non-Exclusive Limited Worldwide Patent License Agreement for Playback and Recording Products. | Admitted. |
| 2. | Section 6.7 of the License Agreement provides for periodic "audits"[1] of Toshiba's records regarding the determination of royalties payable under the License Agreement:<br><br>[Toshiba] shall keep separate records in sufficient detail to permit the determination of royalties payable hereunder. At the request of DVA, [Toshiba] shall permit independent auditors or technical consultants selected by DVA to examine during ordinary business hours once in each calendar year such records and other documents as may be necessary to verify or determine royalties paid or payable under this Agreement. Such auditors or technical consultants shall be instructed to report to DVA only the amount of royalties due and payable. If no request for examination of such records for any particular accounting period has been made by DVA within three (3) years after the end of said period, the right to examine such records for said period, and the obligation to keep such records for said period, will terminate. | Toshiba admits the express allegations of Paragraph 2, but denies that the audit demanded by Discovision prior to this litigation and in this litigation is of the type or scope permitted by the License Agreement. *Compare* Section 6.7 of the License Agreement, permitting an audit of "such records and other documents as may be necessary to verify or determine royalties paid or payable under this Agreement" (Tarzia Decl., Ex. 1 ¶ 6.7), *with* September 7, 2006 letter from Deloitte, demanding an inspection of many unnecessary documents, witness interviews, and access to facilities of Toshiba and its affiliates (Tarzia Decl., Ex. 4). *See also* Takei Decl. ¶¶ 4-5, 12-15 (explaining that many of the documents sought by Deloitte are not necessary to the audit). |

---

[1] In a footnote to Paragraph 2 of its Statement of Material Facts, Discovision asserts that the "audits" permitted under the License Agreement are known as "royalty inspections" in the accounting industry. At this very early stage of this litigation, before discovery has even begun, Toshiba has not yet retained an accounting expert. Accordingly, Toshiba has insufficient information from which to admit or deny this allegation. In any event, Toshiba believes this question of terminology is not material to the present motion.

-1-

| | | |
|---|---|---|
| 3. | In the summer of 2006, DVA engaged Deloitte & Touche LLP ("Deloitte") to inspect Toshiba's books and records pursuant to Section 6.7 of the License Agreement. | In September 2006, Toshiba received written communications from Deloitte Financial Advisory Services LLP regarding conducting an audit. *See* Tarzia Decl., Exs. 3-4. None of this correspondence was from Deloitte & Touche LLP. *Id.* At this early stage of the litigation, before discovery has begun, Toshiba has insufficient information to determine when DVA engaged any of the Deloitte entities. In addition, as explained above in connection with Paragraph 2, the audit actually demanded by Deloitte was not "pursuant to Section 6.7 of the License Agreement." *See* Takei Decl. ¶¶ 4-5, 12-15. |
| 4. | On or about August 15, 2006, DVA informed Toshiba that it elected to exercise its royalty inspection rights and had selected Deloitte to do the work. | Admitted. |
| 5. | On or about September 5, 2006, Deloitte wrote to Toshiba stating that it was authorized to commence the royalty inspection. | Admitted, except that the September 5, 2006 letter came from Deloitte Financial Advisory Services LLP, not Deloitte & Touche LLP. *See* Tarzia Decl., Ex. 3. |
| 6. | On or about September 7, 2006, Deloitte provided Toshiba with a list of initial documents and information necessary for the royalty inspection. | Toshiba admits that on or about September 7, 2006, Deloitte Financial Advisory Services LLP provided Toshiba with a list of initial documents and information that it demanded to review as part of the audit. However, many of the documents and materials listed were not "necessary for the royalty inspection," as asserted by Discovision in Paragraph 6 of Plaintiff's Statement of Material Facts, or "necessary to verify or determine royalties paid or payable under this Agreement," as required by Section 6.7 of the License Agreement. *See* Takei Decl. ¶¶ 4-5, 12-15. |
| 7. | Toshiba refused to provide any of the documents and information requested by Deloitte. | Denied. Toshiba has always been willing to provide Discovision's auditors with all documents and records |

|   |   | "necessary to verify or determine royalties paid or payable under this Agreement," as required by Section 6.7 of the License Agreement. Takei Decl. ¶ 2. |
|---|---|---|
| 8. | To date, Toshiba has not made any information available to Deloitte. | Toshiba admits that Deloitte has not yet begun the audit because the parties have been unable to reach agreement as to the scope of the audit. To the extent that Paragraph 8 implies that Toshiba has refused to make required information available to Discovision's auditor, Toshiba denies this allegation. *See* Takei Decl. ¶¶ 2, 4-5, 12-15. |

**ADDITIONAL FACTS MATERIAL TO THIS MOTION**

| 1. | Under Section 6.7 of the License Agreement, Discovision, through its auditors, is permitted to review only "such records and other documents as may be necessary to verify or determine royalties paid or payable under this Agreement." Tarzia Decl., Ex. 1, ¶ 6.7. |
|---|---|
| 2. | Discovision has demanded a right to review many documents that are not "necessary to verify or determine royalties paid or payable under this Agreement." These documents include: (a) descriptions of Toshiba's "technologies" and processes," and (b) "access to all accounting records, including but not limited to, accounts receivable and aging reports," apparently for every product made by Toshiba. Tarzia Decl., Ex. 4; Takei Decl. ¶¶ 12-13. |
| 3. | Discovision has presented no evidence on this Motion that the documents described in Paragraph 2 above, or any other documents listed in Deloitte's demand letter, are "necessary to verify or determine royalties paid or payable under this Agreement." |
| 4. | Under the License Agreement, neither Discovision nor its auditors have any right to interview Toshiba personnel or to have access to the manufacturing facilities and personnel of Toshiba and its affiliates. *See* Tarzia Decl., Ex. 1. *See also* Takei Decl. ¶¶ 14-15. |
| 5. | Discovision nevertheless has demanded the right to interview all of Toshiba's "[k]ey personnel" with "questions as they arise," and to have "[a]ccess to all manufacturing facilities and personnel, including but not limited to, all Toshiba affiliates and subsidiaries." Tarzia Decl., Ex. 4 at ¶¶ 13-14. |
| 6. | Discovision has presented no evidence that it is entitled to the witness interviews and access to manufacturing facilities and personnel that it has demanded. |
| 7. | Discovision's auditors have cautioned that the extensive list of documents and materials that they demanded in their September 7, 2006 letter is only "a preliminary list and we may request additional documents as the engagement progresses." Tarzia Decl., Ex. 4 at 1. |
| 8. | Discovision is seeking an audit of records dating back to March 31, 2003. *See* Complaint at 5, ¶ a. |

| | |
|---|---|
| 9. | Under the License Agreement, an audit demand must be submitted within three years of the end of the accounting period. Tarzia Decl., Ex. 1 ¶ 6.7. |
| 10. | Discovision did not demand an audit until August 15, 2006. Tarzia Decl., Ex. 2. |
| 11. | Discovision estimates that the audit it seeks will take two months to complete. Tarzia Decl. ¶ 5. |
| 12. | Toshiba has not been served with the Summons or the Complaint in this action, as explained in Toshiba's Motion to Dismiss or Quash Service, filed June 4, 2008. |
| 13. | Discovery in this case has not yet begun, and was barred under Rule 26(d) of the Federal Rules of Civil Procedure until June 19, 2008. |
| 14. | Toshiba has had no opportunity to learn through discovery the factual basis (if any) for Discovision's contention that the documents listed in Deloitte's September 7, 2006 letter are "necessary to verify or determine royalties paid or payable under this Agreement." Nor has Toshiba had an opportunity to learn through discovery the factual basis (if any) for Discovision's contention that it is entitled under the License Agreement to witness interviews and access to manufacturing facilities and personnel. Stewart Decl. ¶¶ 2-5. |

Respectfully submitted,

Dated: June 23, 2008            By: /s/ Paul A. Stewart

Frank J. Colucci (FC-8441)
COLUCCI & UMANS
218 East 50th Street
New York, NY  10022-7681
Telephone: (212) 935-5700
Facsimile: (2121) 935-5728
Email: fcolucci@colucci-umans.com

Paul A. Stewart (*Pro Hac Vice*)
Irfan A. Lateef (*Pro Hac Vice*)
Reza Mirzaie (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
Email: paul.stewart@kmob.com
Email: irfan.lateef@kmob.com
Email: reza.mirzaie@kmob.com

Attorneys for Defendant,
TOSHIBA CORPORATION

-5-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2008, he caused a copy of the foregoing Toshiba Corporation's Statement of Genuine Issues of Material Fact to be served on Plaintiff's counsel listed below by filing a copy with the CM/ECF system.

James B. Kobak, Jr.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004

William T. Bisset
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, CA 90071-34442

*/s/ Paul A. Stewart*
Paul A. Stewart

5486810
060608