HUGHES HUBBARD & REED LLP
William T. Bisset (bisset@hugheshubbard.com)
350 South Grand Avenue
36th Floor
Los Angeles, California  90071-3442
Tel:  (213) 613-2881

HUGHES HUBBARD & REED LLP
James B. Kobak, Jr. (kobak@hugheshubbard.com)
One Battery Park Plaza
New York, New York  10004
Tel: (212) 837-6000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>TOSHIBA CORPORATION, a Japanese corporation,<br><br>    Defendant. | No. 08 Civ. 3693 (HB) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Discovision Associates ("DVA") respectfully submits this reply memorandum of law in support of its motion for partial summary judgment enforcing its contractual audit rights with respect to the quarterly reporting periods from July 1, 2003, through March 31, 2006. For the reasons set forth below and in DVA's May 29 moving papers, the motion should be granted.

## OVERVIEW

DVA has been trying for almost two years under § 6.7 of the parties' License Agreement to have an independent third party ("Deloitte") "examine during ordinary business hours . . . records and other documents" of defendant Toshiba Corporation ("Toshiba") "necessary to verify or determine royalties paid or payable" to DVA. As a result of Toshiba's delaying tactics, Deloitte has yet to obtain even one scrap of information. There is no genuine factual dispute but that (a) § 6.7 of the License Agreement authorizes DVA to have an audit, (b) DVA invoked its rights under § 6.7 in August 2006 and (c) Toshiba has made no records or other documents available to Deloitte. Accordingly, DVA is entitled to summary judgment on its audit claim. Granting DVA's motion for partial summary judgment should finally bring this dilatory charade to a halt and enable DVA and the Court to determine the extent of DVA's claims and damages.

## I.

## DVA'S MOTION IS NOT PREMATURE

DVA commenced this action on April 17, 2008. Under Fed. R. Civ. P. 56(a), DVA was entitled to move for summary judgment 20 days after commencement. DVA's May 29 filing complied with the rule. It is also no answer to argue (Opp. Memo. 8-10) that discovery

1

ordinarily precedes summary judgment. Otherwise, Rule 56(a) would not authorize a motion for summary judgment 20 days after commencement of an action.

DVA served the summons and complaint on Toshiba by registered air mail on April 21, 2008, in accordance with the mandatory notice provision in § 11.1 of the parties' License Agreement. Accordingly, the Court has personal jurisdiction over Toshiba and can grant DVA's motion for partial summary judgment.[1]

II.

## DVA IS ENTITLED TO PARTIAL SUMMARY JUDGMENT WITHOUT FURTHER DELAY

In § 6.7 of the License Agreement, the parties agreed that "independent auditors or technical consultants selected by DVA" would "examine . . . such records and other documents as may be necessary to verify or determine royalties paid or payable under this Agreement." Under § 6.7, DVA's audit rights went back three years.[2]

DVA appointed Deloitte, an unassailable expert, to do the examination. It was Deloitte's responsibility to determine what information it needed, just as any auditor would do in the course of an examination. See generally Gifford v. Calco, Inc., No. A03-0019 CV (RRB), 2006 WL 283524 (D. Alaska Jan. 25, 2005) ("It was the auditor's job to define the scope of the audit. People hire professionals such as accountants and attorneys fully expecting that they will meet the requirements of a given professional undertaking.").

---

[1] Toshiba has challenged the effectiveness of service of process and asserted that process must be served in accordance with the Hague Service Convention. Toshiba's motion was fully briefed as of June 23, 2008, and awaits decision. For the reasons set forth in DVA's opposition memorandum filed on June 13, 2008, Toshiba was properly served and its motion should be denied.

[2] When DVA first demanded an audit in August 2006, its right to audit the first quarter of the three-year contract period (April 1 through June 30, 2003) had expired and DVA does not seek by this motion to go beyond what § 6.7 of the License Agreement requires. DVA is entitled to information about April through June 2003 as part of ordinary discovery, however.

2

40031235_1.DOC

It was Toshiba's responsibility to provide that information and otherwise cooperate with the examination, just as it would have to cooperate with requests for information by its own independent auditors as part of a periodic examination for financial reporting purposes. Deloitte provided a list to Toshiba on September 7, 2006, specifying what it deemed necessary, all categories of which relate to Toshiba's dealings in Licensed Products under the terms of the License Agreement.[3] Tarzia Decl. ¶ 4 and Exh. 4 thereto. Because 22 months later there still has not been even a start,[4] DVA is entitled to partial summary judgment ordering the examination. See Moran v. Sasso, No. 05 Civ. 4716, 2007 WL 2710967, at *4 (E.D.N.Y. Sept. 13, 2007) (summary judgment), and Trustees of Plumbers & Steamfitters Local 267 Pension, Annuity & Ins. Funds v. Buchanan, Inc., No. 03 Civ. 898, 2006 WL 346421, at *8 (N.D.N.Y. Feb. 14, 2006) (summary judgment), both of which DVA cited in its moving papers.

Toshiba (Opp. Memo. 7-8) argues that these cases enforcing audit rights by granting summary judgment are inapposite because here Toshiba disagrees with Deloitte about what information Deloitte needs to do its work and Toshiba wants to conduct discovery on that subject. What Deloitte needs to do its work is for Deloitte to decide under § 6.7 of the License Agreement. Otherwise, the contractual audit remedy would be essentially worthless because the party to be audited could delay the process indefinitely, as indeed Toshiba has been able to do until now. Even if Toshiba considered some of the items on Deloitte's September 2006 list to be

---

[3] Promptly following the parties' Rule 26(f) conference on June 19, 2008, DVA served sets of interrogatories and requests for production of documents to get any additional information it may need to determine what Toshiba owes. Accordingly, Toshiba's opposition to this motion for partial summary judgment is just another knee-jerk delaying tactic, the effective equivalent of demanding a trial to decide what discovery is appropriate.

[4] Toshiba initially delayed the start of the examination for 18 months by arguing about a non-disclosure agreement even though the License Agreement contemplated no such additional agreement. When that process finally ended in February 2008, Toshiba argued for another two months that Deloitte should have to specify exactly what it wanted before Toshiba would decide whether or not to provide it. With no end in sight, DVA commenced this action. Shortly thereafter, Toshiba told Deloitte that it would provide no information at all. Tarzia Decl. ¶ 5.

3

overbroad, it should have provided the rest. It surely was not entitled to provide no information at all.

For its contrary position, Toshiba (Opp. Memo. 6) purports to rely on <u>Central States, Southeast & Southwest Areas Pension Fund v. N.E. Friedmeyer-Sellmeyer Distribution Co.</u>, 650 F. Supp. 978 (E.D. Mo. 1987) (court ordered defendant to provide all documents requested by plaintiff). There, however, the parties had made no agreement for an independent expert to conduct an audit, indeed no agreement for an audit at all. Here, of course, it is uncontested that there was such an agreement.

This case is like <u>Moran</u>, where the defendants contended that the plaintiff sought to conduct an audit that included unnecessary and even non-existent records.[5] The court in <u>Moran</u> granted summary judgment ordering the requested audit because the contract required it. The same result should follow here.

---

[5] Toshiba has not claimed that any requested information does not exist and has not permitted examination of even the most basic information. In <u>Moran</u>, the defendants submitted records they considered "necessary" as part of their opposing papers – a step far beyond anything Toshiba has done or offered to do.

4

## CONCLUSION

For the reasons set forth above and in DVA's May 29 moving papers, DVA's motion for summary judgment on its First Claim for Relief (Breach of Contract Regarding Audit) should be granted.

Dated: June 30, 2008.

        HUGHES HUBBARD & REED LLP
William T. Bisset
350 South Grand Avenue
36th Floor
Los Angeles, California 90071-3442
Tel: (213) 613-2881
Fax: (213) 613-2950
email: bisset@hugheshubbard.com

HUGHES HUBBARD & REED LLP
James B. Kobak Jr.
One Battery Park Plaza
New York, New York 10004-1482
Tel: (212) 837-6757
Fax: (212) 422-4726
email: kobak@hugheshubbard.com

By: _____
    William T. Bisset
    *Attorneys for Plaintiff*
    *Discovision Associates*

To:    Frank J. Colucci
Colucci & Umans
218 East 50th Street
New York, New York 10022-7681

Paul A. Stewart
Knobbe Martens Olson & Bear LLP
2040 Main Street, 14th Floor
Irvine, California 92614

*Attorneys for Defendant Toshiba Corporation*

40031235_1.DOC