UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISCOVISION ASSOCIATES, a California partnership,<br><br>        Plaintiff,<br><br>   v.<br><br>TOSHIBA CORPORATION, a Japanese corporation,<br><br>        Defendant. | Civil Action No. 08-cv-3693 (HB) (AJP)<br>ECF Case<br><br>**TOSHIBA CORPORATION'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

      Defendant Toshiba Corporation ("Toshiba"), by its attorneys, hereby answers the Complaint of Discovision Associates ("DVA"), as follows:

**PARTIES**

      1.    Defendant Toshiba lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

      2.    Toshiba admits it is a corporation organized under the laws of Japan. Toshiba admits that it buys and sells optical recording and playback products such as CD and DVD players, directly and through its subsidiaries. Toshiba admits that, collectively, it and its subsidiaries have thousands of employees and do business in various locations throughout the world. Toshiba admits that some of its subsidiaries do business in New York. Toshiba denies the remaining allegations of Paragraph 2 of the Complaint.

**JURISDICTION**

      3.    Toshiba admits that the Court has jurisdiction under 28 U.S.C. § 1332 and denies the remaining allegations of Paragraph 3 of the Complaint.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

4. Toshiba admits that, as of March 31, 2003, Toshiba and DVA entered into a Non-Exclusive Limited Worldwide Patent License Agreement for Playback and Recording Products ("parties' License Agreement"). Toshiba further admits that Exhibit 1 appears to be a redacted copy of the parties' License Agreement. Toshiba further admits that the license granted under the parties' License Agreement includes a license to Toshiba's subsidiaries as provided in § 3.4 of the parties' License Agreement. Toshiba further admits that, under § 12.1 of the parties' License Agreement, the Agreement "shall be construed, and the legal relations between the parties shall be determined, in accordance with the laws of the State of New York" and that, under § 12.2 of the parties' License Agreement, "[a]ny dispute that arises under or relates to this Agreement shall, at DVA's election, be prosecuted exclusively in the appropriate court situated in the State of New York, United States of America." Toshiba denies any remaining allegations of Paragraph 4 of the Complaint.

5. Toshiba admits that according to § 6.7 of the parties' License Agreement, "[a]t the request of DVA, LICENSEE shall permit independent auditors or technical consultants selected by DVA to examine during ordinary business hours once in each calendar year such records and other documents as may be necessary to verify or determine royalties paid or payable under this Agreement" and that "[s]uch auditors or technical consultants shall be instructed to report to DVA only the amount of royalties due and payable" and that "[i]f no request for examination of such records for any particular accounting period has been made by DVA within three (3) years after the end of said period, the right to examine such records for said period, and the obligation to keep such records for said period, will terminate." Toshiba further admits that on August 15, 2006, DVA sent a letter to Toshiba requesting that Toshiba

submit to an audit to be performed by Deloitte & Touche LLP (D&T) covering all alleged reporting periods between June 30, 2003 through March 31, 2006. Toshiba further admits that Exhibit 2 appears to be a true and correct copy of the letter. Toshiba denies any remaining allegations of Paragraph 5 of the Complaint.

6.   Toshiba admits that Deloitte Financial Advisory Services LLP sent a letter to Toshiba on September 7, 2007, requesting a lengthy list of information allegedly required to perform its audit. Toshiba further admits that Exhibit 3 appears to be a copy of this letter. Toshiba denies any remaining allegations in Paragraph 6 of the Complaint.

7.   Toshiba admits that, under § 6.7 of the parties' License Agreement, upon completion of an audit, an independent auditor is permitted to report to DVA only the amount of royalties due and payable. Toshiba denies any remaining allegations in Paragraph 7 of the Complaint.

8.   Toshiba denies the allegations in Paragraph 8 of the Complaint.

9.   Toshiba denies the allegations in Paragraph 9 of the Complaint.

10.   Toshiba denies the allegations of Paragraph 10 of the Complaint.

## FIRST CLAIM FOR RELILEF:
## BREACH OF CONTRACT REGARDING AUDIT

11.   Defendant Toshiba incorporates by reference as if fully set forth herein its responses to Paragraphs 1-10 above.

12.   Toshiba denies the allegations of Paragraph 12 of the Complaint.

13.   Toshiba denies the allegations of Paragraph 13 of the Complaint.

14.   Toshiba denies the allegations of Paragraph 14 of the Complaint.

## SECOND CLAIM FOR RELIEF:
## ACCOUNTING

15. Defendant Toshiba incorporates by reference as if fully set forth herein its responses to Paragraphs 1-10, 12, 13 and 14 above.

16. Toshiba admits that DVA is entitled to have an independent auditor conduct an audit in accordance with § 6.7 of the parties' License Agreement. Toshiba denies the remaining allegations of Paragraph 16 of the Complaint.

## THIRD CLAIM FOR RELIEF:
## SPECIFIC PERFORMANCE

17. Defendant Toshiba incorporates by reference as if fully set forth herein its responses to Paragraphs 1-10, 12, 13, 14 and 16 above.

18. Toshiba denies the allegations of Paragraph 18 of the Complaint.

19. Toshiba denies the allegations of Paragraph 19 of the Complaint.

## FOURTH CLAIM FOR RELIEF:
## DAMAGES FOR BREACH OF CONTRACT

20. Defendant Toshiba incorporates by reference as if fully set forth herein its responses to Paragraphs 1-10, 12, 13, 14, 16, 18 and 19 above.

21. Toshiba denies the allegations of Paragraph 21 of the Complaint.

22. Toshiba admits that, under § 6.8 of the parties' License Agreement, "[t]he fees and expenses of DVA's representatives performing any examination of records under Section 6.7 above shall be borne by DVA" and that "[h]owever, if an error in royalties of more than three percent (3.0%) of the total royalties due is discovered for any year examined then the total fees and expenses of these representatives shall be borne by LICENSEE." Toshiba denies any remaining allegations of Paragraph 22 of the Complaint.

-4-

23. Toshiba denies the allegations of Paragraph 23 of the Complaint.

## FIFTH CLAIM FOR RELIEF: DECLARATORY RELIEF REGARDING AUDIT RIGHTS

24. Defendant Toshiba incorporates by reference as if fully set forth herein its responses to Paragraphs 1-10, 12, 13, 14, 16, 18, 19 and 21 through 23 above.

25. Toshiba denies the allegations of Paragraph 25 of the Complaint.

## SIXTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT REGARDING ROYALTY REPORTS

26. Defendant Toshiba incorporates by reference as if fully set forth herein its responses to Paragraphs 1-10, 12, 13, 14, 16, 18, 19, 21 through 23 and 25 above.

27. Toshiba denies the allegations of Paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

Toshiba asserts the following affirmative defenses to the claims asserted by DVA in its Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Breach)

28. Toshiba re-alleges and incorporates by reference Paragraphs 1 through 27 of this Answer as though fully set forth herein.

29. Toshiba is not liable for DVA's claims, in whole or in part, because Toshiba has not breached any provision of the parties' License Agreement.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

30. Toshiba re-alleges and incorporates by reference Paragraphs 1 through 29 of this Answer as though fully set forth herein.

31. DVA's claims are barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

32. Toshiba re-alleges and incorporates by reference Paragraphs 1 through 31 of this Answer as though fully set forth herein.

33. DVA's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

34. Toshiba re-alleges and incorporates by reference Paragraphs 1 through 33 of this Answer as though fully set forth herein.

35. DVA's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy a Condition Precedent)

36. Toshiba re-alleges and incorporates by reference Paragraphs 1 through 35 of this Answer as though fully set forth herein.

37. Toshiba is not liable for DVA's claims, in whole or in part, because DVA failed to satisfy one or more conditions precedent to Toshiba's performance under the parties' License Agreement.

## PRAYER FOR RELIEF

Wherefore, Toshiba prays for judgment and seeks relief as follows:

A. That DVA take nothing on its Complaint, and that the Complaint be dismissed with prejudice;

B. A judgment awarding Toshiba's attorneys' fees;

C. An award of costs to Toshiba; and

D.	Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38(b), Toshiba hereby demands a trial by jury of all issues raised by the Complaint which are triable by jury.


Dated:  August 18, 2008              By:  /s/ Irfan A. Lateef
    Frank J. Colucci (FC-8441)
    COLUCCI & UMANS
    218 East 50th Street
    New York, NY  10022-7681
    Telephone: (212) 935-5700
    Facsimile: (2121) 935-5728
    Email: fcolucci@colucci-umans.com

    Paul A. Stewart (*Pro Hac Vice*)
    Irfan A. Lateef (*Pro Hac Vice*)
    Reza Mirzaie (*Pro Hac Vice*)
    KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, 14th Floor
    Irvine, CA  92614
    Telephone: (949) 760-0404
    Facsimile: (949) 760-9502
    Email: paul.stewart@kmob.com
    Email: irfan.lateef@kmob.com
    Email: reza.mirzaie@kmob.com

    Attorneys for Defendant,
    TOSHIBA CORPORATION

-8-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 18, 2008, he caused a copy of the foregoing Toshiba Corporation's Answer to Complaint and Demand for Jury Trial to be served on Plaintiff's counsel listed below by filing a copy with the CM/ECF system.

James B. Kobak, Jr.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004

William T. Bisset
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, CA 90071-34442

 */s/ Irfan A. Lateef*
Irfan A. Lateef

5724978
073008