UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DISCOVISION ASSOCIATES            :
                                  :
                Plaintiff,       :  08v3693(HB)
   -against-                     :
                                  :  OPINION ON MOTION
                                  :  TO RECONSIDER AND
TOSHIBA CORPORATION               :  AMENDMENT AND
                                  :  MODIFICATION OF
                Defendant.       :  MAY 18, 2009 ORDER
------------------------------------------------------------x

**Hon. HAROLD BAER, Jr., District Judge:**

        In an Opinion and Order dated May 18, 2009 ("May 18 Order"), I ruled on the parties' cross motions for summary judgment, denying the motion filed by Defendant Toshiba Corporation ("Toshiba") and granting that filed by Plaintiff Discovision Associates ("DVA"). Toshiba now moves for reconsideration of the May 18 Order pursuant to Local Rule 6.3. For the reasons that follow, Toshiba's motion is DENIED. However, for the benefit of the movant, I take this opportunity to clarify my May 18 Order with respect to the so-called "Samsung-to-Samsung sales."

## I. BACKGROUND

        DVA filed this action to enforce its right to an accounting of Toshiba and its subsidiaries pursuant to a provision of the Non-Exclusive Limited Worldwide Patent License Agreement for Playback and Recording Products ("License Agreement"). This case was bifurcated by Magistrate Judge Peck and the parties filed cross motions for summary judgment on the issue of liability. That issue, i.e. DVA's right to an audit of certain entities affiliated with Toshiba and the right to recover royalties from them, ultimately turned on interpretation of Section 3.4 of the License Agreement and whether newly created entities which otherwise met the definition of "Subsidiary" under Section 2.24 of the License Agreement were covered under the agreement notwithstanding the fact that Toshiba did not provide written notice of their existence. For the reasons set forth in the May 18 Order, I concluded as a matter of law that the License Agreement was unambiguous and I granted DVA's motion for summary judgment.

        Toshiba separately moved for summary judgment on the following question: "that it owes nothing for products that were manufactured by Samsung's manufacturing subsidiaries and sold

1

by Samsung's sales subsidiaries but which passed through TSST-K after being manufactured," the so-called "Samsung-to-Samsung" sales. I denied this motion.

## II.  DISCUSSION

**A.       Legal Standard**

A motion for reconsideration under Local Rule 6.3 is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000).  The Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003).  The purpose of this restrictive application of the Rules is, among other things, "to ensure the finality of decisions." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (noting that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources").  The decision of whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *Citigroup Global Markets Inc. v. VCG Special Opportunities Master Fund Ltd.*, 08-CV-5520 (BSJ), 2009 U.S. Dist. LEXIS 45819, at *3 (S.D.N.Y. June 1, 2009).

"A motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved,'" *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73 (2d Cir. 2002) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)), nor is it an opportunity for the moving party to "advance new facts, issues or arguments not previously presented to the Court," *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted).

**B.       Contract Interpretation**

Toshiba fails to meet the high bar required to sustain a motion for reconsideration. Where Toshiba's instant motion is a recapitulation of the arguments put forth in its earlier briefing, I will not readdress its arguments here.

Toshiba argues that in relying on the recital of the License Agreement that makes clear the agreement's purpose is the avoidance of patent litigation, I overlooked other provisions of the agreement that purportedly show the agreement was *not* intended to foreclose all future litigation between the parties.  I did not, in fact, overlook such provisions but rather declined to ascribe them the weight to which Toshiba now argues they are entitled.  For example, Toshiba contends that I overlooked section 4.1 of the License Agreement because the release granted thereby extended only to "Subsidiaries existing as of the Effective Date" of the Agreement.  It follows that a Subsidiary not in existence as of the effective date needs no release from liability as of such date because it was not extant to incur it.  Similarly, that Section 3.1 of the License Agreement permits DVA to enforce its patent rights with respect to *other* patents not covered by the License Agreement does not change the fact that a central purpose of the agreement is to avoid patent litigation and that the agreement itself pertains to a specific, defined group of DVA's patents.  The mere fact that the May 18 Order did not reference the other provisions of the agreement to which Toshiba now points does not mean that they were overlooked.

Toshiba next argues that the Court improperly drew inferences in DVA's favor and weighed evidence at the summary judgment phase, a well-recognized "no no."  This argument also falls short.  First, I expressly did not consider extrinsic evidence in concluding that the License Agreement was unambiguous as a matter of law.  Because I did not consider extrinsic evidence, I could not possibly have weighed it improperly.  Second, I did not draw inferences in either party's favor because, again, I found the contract devoid of ambiguity when considered as a whole.  Order at 10 (quoting *Hudson-Port Ewen Associates, L.P. v. Chien Kuo*, 78 N.Y.2d 944, 945 (1991)).  In discharging my duties to determine whether, as a matter of law, the contract was ambiguous and to interpret the contract to effectuate the parties reasonable expectations, I concluded that Toshiba's proffered interpretation of the contract was not reasonable because by necessary implication it was contrary to the stated purpose of contract.  In *Seiden Associates v. ANC Holdings, Inc.,* 959 F.2d 425, 429 (2d Cir. 2000), cited by Toshiba in support of the instant motion, the Second Circuit stated "[*i*]*f ambiguity is found,* it must be resolved—as well as all inferences drawn—against the moving party" (emphasis added).  But equally clear under New York law is that "whether the language of a contract is unambiguous and, if so, what construction is proper, are legal questions."  *Id.*  In the May 18 Order I concluded that the License Agreement was unambiguous.  Toshiba's quarrel with that legal conclusion does not mean that I "overlooked" controlling authority*,* the *sine qua non* of a motion such as this, and

3

Toshiba's new arguments about why their proffered interpretation *is* reasonable are improper in the context of a motion for reconsideration. *Caribbean Trading & Fidelity Corp.*, 948 F.2d at 115.

Finally, Toshiba argues that I overlooked the controlling authority of *Aramony v. United Way of Am.*, 254 F.3d 403, 413 (2d Cir. 2001), which I cited in the May 18 Order for the proposition that "a statement in a recital or 'whereas' clause may be useful to interpret an ambiguous operative clause in a contract, although it cannot create new rights beyond those arising from the contract's operative terms." Order at 11 (citing *Aramony*, 254 F.3d at 413). Although Toshiba argues that I relied upon the "avoidance of litigation" recital and *Aramony* to create new contractual rights, in fact I found the recital "useful" for exactly the use sanctioned by the higher court's decision: namely, "interpreting an ambiguous operative term in a contract." *Aromony*, 254 F.3d at 413. In sum, although Toshiba is certainly entitled to disagree with the legal conclusions reached in my May 18 Order, they fail to point to controlling decisions or evidence that I overlooked in that decision or that alter the conclusions reached therein. *See In re BDC 56 LLC*, 330 F.3d at 123. Accordingly, while I am hopeful that some of the above is helpful, Toshiba's motion for reconsideration is DENIED.

### C.     Samsung-to-Samsung Sales

In an abundance of caution, I want to provide clarification of my holding in the May 18 Order concerning what the parties refer to as the "Samsung-to-Samsung" sales. In discussing the *contractual* rights and obligations that pertain to liability for royalties for the so-called pass through products, as opposed to the *patent* rights to which the doctrine of exhaustion applies, I stated that "the 'pass through' Licensed Products fall into the category of products for which a per-unit royalty is due under the DVA-Samsung Agreement." Order at 13. While this statement was not critical to my holding—that Toshiba's motion for summary judgment with respect to the Samsung-to-Samsung sales had to be denied—nor was it intended to decide as a matter of law that all so-called pass through products are "Discharged Licensed Products" under the DVA-Samsung Agreement, it is worth clarifying. My intent was to illustrate the interrelationship between the DVA-Toshiba Agreement and the DVA-Samsung Agreement with respect to products which "passed through" TSST-K and some of the implications of my narrow affirmative ruling that, to the extent it is fifty-one-percent-owned by Toshiba, TSST-K is a "Subsidiary" as that term is defined in the DVA-Toshiba Agreement. The statement that per-unit

4

royalties are due under the DVA-Samsung Agreement did not create rights capable of being enforced in the damages phase of this litigation.

In the first paragraph of their opposition motion, Toshiba states "DVA's motion for summary judgment turns on a single issue: whether all new subsidiaries created after the effective date of the parties' License Agreement are automatically added as licensed entities under the agreement, or whether they are added only upon DVA's receipt of written notice from Toshiba . . . ." This is the issue that I decided in DVA's favor, and the only issue. As a consequence of the foregoing and to clarify the legal conclusion that will guide the parties in the second phase of this litigation, the last two paragraphs of Section III.D. of the May 18 Order are hereby vacated and replaced with the following:

> I cannot conclude as a matter of law that no royalties are due to DVA from Toshiba for Licensed Products that were manufactured by Samsung's manufacturing subsidiaries and sold by Samsung's sales subsidiaries, but which passed through TSST-K after being manufactured. Consequently, Toshiba's motion for summary judgment with respect to its royalty obligations for such products is DENIED. Liability for royalties for such products is a question for the second phase of this litigation, to be considered in light of my ruling that, to the extent it is fifty-one-percent-owned by Toshiba, TSST-K is a "Subsidiary" as that term is defined in the DVA-Toshiba Agreement.

## CONCLUSION

For the foregoing reasons, Toshiba's motion for reconsideration is DENIED. Further this Opinion and Order amends and modifies the May 18 Order to the extent set out above. The Clerk of Court is instructed to close this motion (Docket No. 109).

SO ORDERED
June 30, 2009
New York, New York

U.S.D.J.

5